FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -6 PM 2: 19

**Will Sherman, ABA # 0205014**
645 G. Street, Suite 100 #856
Anchorage, AK 99501
Ph: (907) 277-1966
Fax: (866) 398-3561
*Local Counsel for Plaintiffs*

**James Bopp, Jr.**
**Thomas Marzen**
**Anita Y. Woudenberg**
BOPP, COLESON & BOSTROM
1 South 6th Street
Terre Haute, IN 47807
Ph: (812) 232-2434
Fx: (812) 235-3685
*Lead Counsel for the Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RIGHT TO LIFE POLITICAL ACTION COMMITTEE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY FELDMAN, *et al.*, <br><br> Defendants. | Civil Action No. A04-0239 CV (RRB) |

**PLAINTIFFS' MOTION FOR STAY OF JUDGMENT
IN FAVOR OF DEFENDANT STEVE VAN GOOR AND
REQUEST FOR WAIVER OR REDUCTION OF SUPERSEDEAS BOND**

Pursuant to Federal Rule of Civil Procedure 62, Plaintiffs Alaska Right to Life Political

**PLAINTIFFS' MOTION
FOR STAY & REQUEST
FOR WAIVER**

Action Committee ("ARL-PAC") and Michael Miller, by counsel, hereby move the Court for a stay of judgment pending appeal. In support of their motion, Plaintiffs state the following:

1. On September 20, 2005, the Court entered an Order Awarding Partial Costs and Fees in the amount of $8,794.87 to Defendant Van Goor and amended its August 8, 2005, Final Judgment accordingly. Plaintiffs subsequently filed their notice of appeal and a briefing order has been issued by the Ninth Circuit.

2. "Federal courts (whether trial or appellate) have statutory or inherent power to stay judgments and orders pending appeal." *Wymer v. Wymer*, 5 B.R. 802, 804 (9th Cir. 1980). Federal Rule of Civil Procedure 62 governs motions for stay.

3. Federal Rule of Civil Procedure 62(d) establishes the procedure for obtaining a stay based on the filing of a supersedeas bond. Specifically, it provides: "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . . The bond may be given at or after the time of filing the notice of appeal . . . . The stay is effective when the supersedeas bond is approved by the court." A court's only function in granting a supersedeas stay is to determine whether "the security offered is good and sufficient." *Wymer*, 5 B.R. at 805 (quoting *McCourt v. Singers-Bigger*, 150 F. 102, 104-5 (8th Cir. 1906)). "[U]pon filing a bond that is approved by the trial court, enforcement of a money judgment is automatically stayed without further notice. *Id.* In issuing a supersedeas bond, the court may order a full bond which includes "such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay" or "after notice and for good cause fix[] a different amount or order security other than the bond." *Id.*

4. "All other stays, including any stay of enforcement of a money judgment that departs from

**PLAINTIFFS' MOTION**
**FOR STAY & REQUEST**
**FOR WAIVER**                                       2

Rule 62(d), are discretionary." *Id.* at 804. In order to obtain a stay of a money judgment the appellant need only show that "no substantial harm will come to appellee" and that "the stay will do no harm to the public interest." *Id.* at 806. The appellant is not required to show a likelihood of success on the merits or that he will suffer irreparable injury. *Id.*

5.     "Generally the 'purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required.'" *Pacific Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1027 (9th Cir. 1991) (*quoting Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987)). More specifically, posting a supersedeas bond allows a judgment debtor "to avoid the risk of satisfying a judgment only to find that restitution is impossible after an appeal" while securing the "prevailing party against any loss sustained as the result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979). The requester bears the burden of demonstrating reasons for the court to depart from the requirement of a full supersedeas bond. *Wymer*, 5 B.R. at 807.

6.     "If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond." *Poplar Grove*, 600 F.2d at 1191. However, the Court may also exercise its "discretion to fashion some other arrangement for substitute security" when "the judgment debtor's present financial condition is

**PLAINTIFFS' MOTION**
**FOR STAY & REQUEST**
**FOR WAIVER**                                             3

such that posting of a full bond would impose an undue burden." *Id.*

7. Here, Plaintiffs have a combination of each circumstance allowing the Court to exercise its discretion in their favor. Alaska Right to Life Political Action Committee is a small ideological group with no assets other than the contributions it receives to support pro-life candidates. Vosburgh Declaration at ¶ 3. ARL-PAC currently has less than $100 in its checking account and no other assets. Vosburgh Declaration at ¶ 4. Further, ARL-PAC, as a registered political action committee, is limited in how it may spend its funds and based on the limitations of Alaska Code § 15.13.112 it appears that ARL-PAC may not legally pay the court ordered attorneys fees or post a bond for their payment. Vosburgh Declaration at ¶ 5. Thus, the posting of any bond would create an undue burden on ARL-PAC both because it lacks the funds to purchase a supersedeas bond and because doing so would violate Alaska's campaign finance laws.

8. Plaintiff Michael Miller is a life-long resident of the State of Alaska who has served in various elected state and local positions since the mid 1970s. Miller Declaration at ¶ 2, 6. He owns a home in North Pole, Alaska, with an estimated fair market value of $300,000. Miller Declaration at ¶ 2. Mr. Miller is also the majority shareholder of SCH, Inc., a closely-held corporation he has managed for over fifteen years. Miller Declaration at ¶ 3, 4. The book value of Mr. Miller's shares of SCH, Inc., is approximately $1,000,000. Miller Declaration at ¶ 4. Given Mr. Miller's strong community ties and the long-term the history of SCH, Inc., Mr. Miller's financial situation is not expected to diminish over the next few years. Miller Declaration at ¶ 7. Although Mr. Miller has assets sufficient to cover the judgment, they are not readily liquid. Miller Declaration at ¶ 5. Therefore, posting a bond would create an undue hardship on Mr. Miller.

**PLAINTIFFS' MOTION
FOR STAY & REQUEST
FOR WAIVER**                                     4

9. Based on Plaintiffs' respective financial situations, Defendant Van Goor will not be substantially harmed if this court either waives the supersedeas bond or requires some other reduced form of security.

10. Although Plaintiffs are not required to show a likelihood of success on the merits, Plaintiffs can demonstrate to the Court that the harm to Defendant Van Goor is not substantial because Plaintiffs have a great likelihood of success on the merits before the Ninth Circuit Court of Appeals. According to the Ninth Circuit, "a district court may award attorney's fees to a prevailing defendant *only in limited circumstances.*" *Maag v. Wessler*, 993 F.2d 718, 719 (9th Cir. 1993) (emphasis added). Specifically, a prevailing defendant is only "entitled to an attorney's fees award where the plaintiff's action, even though not brought in subjective bad faith, is "frivolous, unreasonable, or without foundation." *Id.* "[S]imply put, there are *no other factors to consider* other than whether the action was frivolous, unreasonable, or without foundation." *Id.* (emphasis added). "The terms 'frivolous', 'unreasonable' and 'without foundation' as used in this context do not have appreciably different meanings." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

11. Here, this Court's order specifically states that the Court was "unable to conclude that the claims against Defendant were vexatious or clearly frivolous." Because the Court's order, on its face, admits that Defendant Van Goor was not entitled to attorney's fees under the proper standard, there is a substantial likelihood that Plaintiffs will succeed on the merits of their appeal. Given the substantial likelihood of success on the merits of the appeal, no substantial harm will come to Defendant Van Goor if this court either waives or requires some other form of security rather than the full supersedeas bond.

**PLAINTIFFS' MOTION**
**FOR STAY & REQUEST**
**FOR WAIVER**                                   5

12.     Further, the stay Plaintiffs request will not harm the public interest because the withholding of this relatively small judgment pending the outcome of the appeal will have no substantial effect on the public fisc and the public has no other interest in collecting this judgment.

13.     If the Court determines that some form of security should be posted, Plaintiffs respectfully request the Court to allow them to deposit the funds in the Court's Register Account. Local Rule 67.1 provides procedures by which a party may deposit money in the Register Account pending the Court's determination on how the money should be disbursed and there is no charge for the service. In contrast, in order to purchase a supersedeas bond, Plaintiffs would have to pay approximately 20% of the total amount of the bond which in this case is a little over $2,000. The cost of purchasing the bond is non-refundable.

14.     In addition, Local Rule 67.2 allows the court to order such funds to be deposited in an interest bearing account while the purchase of a supersedeas bond requires the plaintiffs to pay an amount that covers the interest in addition to the judgment amount to the bonding company.

15.     Thus, should the court determine that there should be some form of security pending the outcome of the appeal, allowing the Plaintiffs to utilize the Registry Account rather than purchase a supersedeas bond would lessen the burden on Plaintiffs while still protecting the Defendant.

**WHEREFORE**, Plaintiffs Alaska Right to Life Political Action Committee and Michael Miller, by counsel, respectfully request that the Court waive the requirement that they file a full supersedeas bond in this matter and grant a stay of its judgment of August 8, 2005, as amended by its Order of September 20, 2005. In the alternative, Plaintiffs pray this Court to allow them to deposit a smaller amount in the Register Account pursuant to Local Rules 67.1 and 67.2 rather than

**PLAINTIFFS' MOTION**
**FOR STAY & REQUEST**
**FOR WAIVER**                                            6

require them to purchase a supersedeas bond.

Dated: December 5, 2005.

Respectfully submitted,

James Bopp, Jr.
Thomas J. Marzen
Anita Y. Woudenberg
BOPP, COLESON & BOSTROM
1 S. 6th Street
Terre Haute, IN 47807
Ph: (812) 232-2434
Fax:   (812) 235-3685
*Lead Counsel for Plaintiffs*

Will Sherman, ABA #0205014
LexAlaska
645 G. Street, Suite 100 #856
Anchorage, AK 99501
Ph: (907) 277-1966
Fax: (866) 398-3561
*Local Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on December 5, 2005, by first class mail, postage prepaid on the following:

Jan Hart DeYoung
Assistant Attorney General
Office of the Attorney General
1031 W 4th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-6612
Fax: (907) 258-4978
jan_deyoung@law.state.ak.us

Neil T. O'Donnell
Atkinson, Conway & Gagnon
420 L Street, Suite 500
Anchorage, AK 99501-1989
Phone: (907) 276-1700
Fax: (907) 272-2082

Will Sherman

**PLAINTIFFS' MOTION
FOR STAY & REQUEST
FOR WAIVER**

7

Will Sherman, ABA # 0205014
645 G. Street, Suite 100 #856
Anchorage, AK 99501
Tel: (907) 277-1966
Fax: (866) 398-3561
*Local Counsel for Plaintiffs*

James Bopp, Jr.
Thomas Marzen
Anita Woudenberg
BOPP, COLESON & BOSTROM
1 South 6th Street
Terre Haute, IN 47807
Ph: (812) 232-2434
Fx: (812) 235-3685
*Lead Counsel for the Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RIGHT TO LIFE POLITICAL ACTION COMMITEE, et al., ) ) ) ) Plaintiffs, ) ) ) v. ) ) JEFFREY FELDMAN, et al., ) ) Defendants. ) | Civil Action No. A04-0239 CV (RRB) |

### DECLARATION OF MICHAEL MILLER

I, Michael Miller, make the following declaration pursuant to 28 U.S.C. Section

1746:

**DECLARATION OF
MICHAEL MILLER
IN SUPPORT OF STAY**

1. I am over 18 years of age, a citizen of the State of Alaska, and an individual Plaintiff in this matter.

2. I am a lifelong resident of the State of Alaska and have lived in North Pole, Alaska, where I own my own home, for approximately 20 years. The estimated market value of my home is $300,000.

3. I am also the manager and majority shareholder in the closely held corporation, SCH, Inc. d/b/a Santa Claus House. SCH, Inc. has been a corporation in good standing since October 30, 1989.

4. Although I initially owned 33% of the stock, I have increased my holdings and now hold 85% of the stock in SCH, Inc. SCH, Inc. is a closely held corporation and its stock is not publically traded. The book value of my stock holdings with SCH, Inc. is approximately $1,000,000.

5. My assets are sufficient to cover the judgment but not readily liquid.

6. I have been active in politics and have served in various elected positions in state and local government since the mid 1970s.

7. Given my strong connections to the community and long-term involvement with SCH, Inc. there is no reason to believe that my financial situation would change for the worse over the next few years.

**DECLARATION OF**
**MICHAEL MILLER**
**IN SUPPORT OF STAY**               2

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 1st day of Dec, 2005.

Michael W. Miller
433 N. Kit Blvd.
North Pole, AK 99705
Ph.: (907) 322-4631
E-mail: mike@santaclaushouse.com

**DECLARATION OF
MICHAEL MILLER
IN SUPPORT OF STAY**                                3

Will Sherman, ABA # 0205014
645 G. Street, Suite 100 #856
Anchorage, AK 99501
Tel: (907) 277-1966
Fax: (866) 398-3561
*Local Counsel for Plaintiffs*

James Bopp, Jr.
Thomas Marzen
Anita Woudenberg
BOPP, COLESON & BOSTROM
1 South 6th Street
Terre Haute, IN 47807
Ph: (812) 232-2434
Fx: (812) 235-3685
*Lead Counsel for the Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RIGHT TO LIFE POLITICAL ACTION COMMITEE, et al., ) ) ) ) | ) |
| Plaintiffs, ) | ) |
| ) | ) |
| v. ) ) | Civil Action No. A04-0239 CV (RRB) |
| JEFFREY FELDMAN, et al., ) | ) |
| ) | ) |
| Defendants. ) | |

DECLARATION OF KAREN VOSBURGH

I, Karen Vosburgh, make the following declaration pursuant to 28 U.S.C. Section 1746:

1. I am the executive director of Alaska Right to Life Political Action Committee ("ARL-PAC).

2. In my capacity as executive director, I have personal knowledge of ARL-PAC's financial situation and assets.

3. ARL-PAC is a political entity which relies entirely on contributions from others for its funding.

4. ARL-PAC currently has less than $100 in its checking account and no other assets.

5. ARL-PAC is regulated by Alaska's campaign finance laws which limit what its funds may be spent on, and it is my belief that any funds raised could not be used to pay the attorney's fees awarded to Mr. Van Goor without violating Alaska's campaign finance laws.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of December, 2005.

*Karen Vosburgh*

Karen Vosburgh, Exec. Dir.
Alaska Right to Life, PAC
3400 Spenard Rd. #4
Anchorage, Alaska 99503-3738
(907) 276-1912
(907) 354-5625 (cell)
(907) 746-6727 (home)
vosburgh@mtaonline.net
infoakrtl@aol.com

**DECLARATION OF**
**KAREN VOSBURGH**
**IN SUPPORT OF STAY**

2